IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF MARYLAND, NORTHERN DIVISION

KEVIN C. BETSKOFF SR.,                    *

    Plaintiff,                             *

        v.                              *      CIVIL NO.: WDQ-12-3757

BRIAN P. COSBY P.A.,                      *

    Defendant.                             *

                       *

\*       \*       \*       \*       \*       \*       \*       \*       \*       \*       \*       \*       \*

## MEMORANDUM OPINION

      Kevin C. Betskoff Sr., *pro se*, sued Brian P. Cosby P.A.
("Cosby") for violations of various provisions of the Fair Debt
Collection Practices Act ("FDCPA"). Pending are Cosby's motion
to dismiss for failure to state a claim or, in the alternative,
for summary judgment, and Betskoff's motion for leave to file a
supplement to his memorandum of law.[1] No hearing is necessary.
*See* Local Rule 105.6 (D. Md. 2012). For the following reasons,
Cosby's motion, construed as a motion to dismiss, will be
granted in part and denied in part, and Betskoff's motion for
leave to file a supplement will be denied.

---

[1] Also pending is Cosby's motion to strike Betskoff's March 19,
2013 letter to the Court about settlement negotiations. ECF No.
10. On April 4, 2013, Betskoff consented to the motion. ECF
No. 14. Accordingly, the motion will be granted.

I. Background[2]

On March 30, 2010, a judgment for Martin Groff
Construction, Inc. ("Martin") was entered against Betskoff in
the Circuit Court for Worcester County, Maryland. ECF No. 5-1
at 2. Cosby, Martin's attorney, attempted to collect the
judgment through discovery to determine Betskoff's assets. *Id.*
After Betskoff refused to cooperate with many of Cosby's
requests, Cosby obtained a series of court orders requiring
Betskoff's compliance with discovery. *Id.* at 3-4; ECF No. 1 at
4. Cosby apparently also sought to examine Betskoff's mother
and son about Betskoff's transfers of property to them during
the Martin litigation. ECF No. 1 at 3; ECF No. 5-1 at 3-4.

In addition to his objections to discovery, which Betskoff
contends Cosby conducted with a "rude and angry tone," ECF No. 1
at 6, Betskoff alleges other misconduct. He contends that Cosby
seeks to garnish his Veteran's benefits improperly and has sent
letters to Betskoff's family "threatening action" against them.
*Id.* Betskoff also contends that Cosby seeks "to collect
interest, fees, and other charges on top" of the original

---

[2] For the motion to dismiss for failure to state a claim, the
well-pled allegations in the complaint are accepted as true.
*See Brockington v. Boykins*, 637 F.3d 503, 505 (4th Cir. 2011).
For the motion for summary judgment, the nonmovant's evidence
"is to be believed, and all justifiable inferences are to be
drawn in his favor." *Anderson v. Liberty Lobby, Inc.*, 477 U.S.
242, 255 (1986).

2

judgment. *Id.* Finally, Betskoff alleges that Cosby has failed
to comply with FDCPA notice requirements. *Id.*

On December 21, 2012 Betskoff sued Cosby for: (1)
declaratory and injunctive relief; and (2) $1000 statutory
damages under the FDCPA. ECF No. 1. On February 6, 2013, Cosby
moved to dismiss or, in the alternative, for summary judgment.
ECF No. 5-1. On February 26, 2013, Betskoff opposed the motion.
ECF No. 8. On March 7, 2013, Cosby replied. ECF No. 9.

On April 4, 2013, Betskoff sought leave to supplement his
memorandum of law. ECF No. 13. On April 5, 2013, Cosby opposed
the motion. ECF No. 14.

II. Analysis

A.    Motion to Supplement

Betskoff seeks "leave to file a supplement to Plaintiff's
memorandum of law." ECF No. 13. Unless otherwise ordered by
the Court, a party may not file a surreply. Local Rule 105.2(a)
(D. Md. 2012). Leave to file a surreply may be granted when the
movant otherwise would be unable to contest matters presented in
his opponent's reply. *Khoury v. Meserve*, 268 F. Supp. 2d 600,
605 (D. Md. 2003), *aff'd* 85 F. App'x 960 (4th Cir. 2004).

Betskoff asserts that his surreply "is intended to augment
and explain the facts and provide additional case law in
support" of his opposition because he has "done more research."
He concedes that "[i]t does not address or is intended to

3

address specific[s] in the defendant's response." ECF No. 13 at 2.

As Betskoff's proposed surreply does not contain additional facts or respond to matters he would otherwise be unable to contest, *see Khoury*, 268 F. Supp. 2d at 605; ECF No. 13-1, his motion will be denied.

B.    Motion to Dismiss

1.    Legal Standard

Under Fed. R. Civ. P. 12(b)(6), an action may be dismissed for failure to state a claim upon which relief can be granted. Rule 12(b)(6) tests the legal sufficiency of a complaint, but does not "resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Presley v. City of Charlottesville*, 464 F.3d 480, 483 (4th Cir. 2006).

The Court bears in mind that Rule 8(a)(2) requires only a "short and plain statement of the claim showing that the pleader is entitled to relief." *Migdal v. Rowe Price-Fleming Int'l, Inc.*, 248 F.3d 321, 325-26 (4th Cir. 2001). Although Rule 8's notice-pleading requirements are "not onerous," the plaintiff must allege facts that support each element of the claim advanced. *Bass v. E.I. Dupont de Nemours & Co.*, 324 F.3d 761, 764-65 (4th Cir. 2003). These facts must be sufficient to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

4

This requires that the plaintiff do more than "plead[] facts that are 'merely consistent with a defendant's liability'"; the facts pled must "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*quoting Twombly*, 550 U.S. at 557). The complaint must not only allege but also "show" that the plaintiff is entitled to relief. *Id.* at 679 (internal quotation marks omitted). "Whe[n] the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not shown—that the pleader is entitled to relief." *Id.* (internal quotation marks and alteration omitted). An affirmative defense, such as the statute of limitations, may be raised in a motion to dismiss if clear from the face of the complaint. *See Brooks v. City of Winston-Salem*, 85 F.3d 178, 181 (4th Cir. 1996).

    2.    The FDCPA

By enacting the FDCPA, Congress sought to "eliminate abusive debt collection practices by debt collectors." 15 U.S.C. § 1692(e). A "debt collector" is "any person who uses any instrumentality of interstate commerce . . . in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due

another." *Id.* § 1692a(6).[3] The FDCPA applies when a debt collector uses practices prohibited by the statute. *Bradshaw v. Hilco Receivables, LLC*, 765 F. Supp. 2d 719, 725 (D. Md. 2011). The FDCPA contains non-exhaustive lists of prohibited practices. *See, e.g.*, 15 U.S.C. § 1692f(4),(5) ("Depositing or threatening to deposit any postdated check or other . . . instrument prior to the date on such check or instrument. . . . Causing charges to be made to any person for communications by concealment of the true purpose of the communication."). "The FDCPA is a strict liability statute and a consumer has only to prove one violation in order to trigger liability." *Bradshaw*, 765 F. Supp. 2d at 725 (*citing* § 1692k(a)).

Betskoff asserts Cosby engaged in several prohibited practices in attempting to collect the Martin judgment. ECF No. 1 at 5-6. Cosby contends Betskoff has failed to substantiate his claims, and several claims are time-barred. ECF No. 5-1 at 7-17.

a. Declaratory and Injunctive Relief

In the first count of his complaint, Betskoff seeks a declaration that Cosby violated the FDCPA. ECF No. 1 at 5. He also seeks preliminary and permanent injunctions "to prevent

---

[3] Cosby does not dispute that he was acting as a debt collector in his attempt to collect the Martin judgment debt. *See* ECF No. 5-1 at 9.

6

further violations of law." *Id.* As a declaratory judgment and injunctive relief are unavailable in FDCPA cases,[4] the Court will deny Betskoff's request for that relief.

b.    Statute of Limitations

Cosby asserts that several alleged FDCPA violations are barred by the statute of limitations. ECF No. 5-1 at 17. Betskoff contends that he is entitled to equitable tolling. ECF No. 8 at 5.

The FDCPA requires that a plaintiff bring "[a]n action to enforce any liability . . . within one year from the date on which the violation occurs." 15 U.S.C. § 1692k(d). In general, "the statute of limitations begins to run when a communication violating the FDCPA is sent." *Akalwadi v. Risk Mgmt. Alternatives, Inc.*, 336 F. Supp. 2d 492, 501 (D. Md. 2004) (*citing Peoples v. Wendover Funding, Inc.,* 179 F.R.D. 492, 499 (D. Md. 1998)).

From October 14, 2010 to April 11, 2011 Cosby obtained various court orders compelling Betskoff and his mother and son to respond to various discovery requests. ECF No. 1 at 3. Because the communications about these court orders were more than one year before Betskoff filed suit, the claims appear to

---

[4] *See Bradshaw*, 765 F. Supp. 2d at 733; *Hauk v. LVNV Funding, LLC*, 749 F. Supp. 2d 358, 368-69 (D. Md. 2010).

be time-barred. *See* 15 U.S.C. § 1692k(d). Betskoff seeks equitable tolling to avoid that result. ECF No. 8 at 5.

"[E]quitable tolling is available only in those rare instances when--due to circumstances external to the party's own conduct--it would be unconscionable to enforce the limitation period against the party and gross injustice would result." *Spencer v. Sutton*, 239 F.3d 626, 630 (4th Cir. 2001) (internal quotation marks omitted). Equitable tolling may apply when "the defendant has wrongfully deceived or misled the plaintiff in order to conceal the existence of a cause of action." *English v. Pabst Brewing Co.*, 828 F.2d 1047, 1049 (4th Cir. 1987). "Equitable tolling is not appropriate, however, whe[n] the claimant failed to exercise due diligence in preserving [his] legal rights." *Chao v. Va. Dep't of Transp.*, 291 F.3d 276, 283 (4th Cir. 2002) (internal quotation marks omitted).

Betskoff has not alleged any "external circumstances" or misconduct by Cosby that would justify equitable tolling. Betskoff states he "was simply unaware of the extent Mr. Cosby would go to collect a debt . . . ." ECF No. 8 at 5. He does not assert that Cosby deceived him or committed some other gross injustice. Further, he has not shown the requisite diligence for equitable tolling. Accordingly, the claims based on communications before December 21, 2011--one year before the complaint was filed--are time barred.

8

c. False or Misleading Representations

Betskoff alleges Cosby violated § 1692e[5] by sending "numerous letters to the Plaintiff threatening action against his family members." ECF No. 1 at 6. Cosby asserts that "Plaintiff fails to aver any factual support for this allegation." ECF No. 5-1 at 15. Betskoff has not pled when these letters were sent or described the "action" the letters threatened. He also has not identified any false or misleading representations in these letters that would bring them within the FDCPA. Betskoff has asserted numerous legal conclusions, but has not alleged sufficient facts to create more than a "mere possibility of misconduct," *Iqbal*, 556 U.S. at 679; his allegations do not amount to a "plausible" claim, *Twombly*, 550 U.S. at 570. Accordingly, Betskoff has failed to state a § 1692e claim.

d. Unfair or Unconscionable Means

Betskoff alleges that Cosby used "unfair or unconscionable means"--prohibited by § 1692f--to collect the Martin judgment debt. First, he asserts that Cosby "is attempting to collect interest, fees, and other charges on top of the amount alleged owed." ECF No. 1 at 6. Cosby contends that Betskoff's § 1692f

---

[5] "A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. § 1692e.

9

claim fails, because he is challenging the validity of the debt rather than the means used to collect it. ECF No. 5-1 at 16.

Section 1692f(1) prohibits collection of a debt "unless such amount is expressly authorized by the agreement creating the debt." Contrary to Cosby's argument, Betskoff has not challenged the validity of the debt; the complaint acknowledges that a valid judgment against him was entered in the Martin case. *See* ECF No. 1 at 3. Betskoff does not, however, specify the interest or fees beyond the judgment debt that Cosby has sought to obtain from him. A bare allegation of illegality, without factual support, does not state a plausible claim for relief. *See Twombly*, 550 U.S. at 570. Thus, Betskoff's § 1692f(1) claim will be dismissed.

Betskoff also asserts that Cosby seeks information about "Betskoff's Veteran's Benefits information in an attempt to garnish them." ECF No. 1 at 6. As Cosby points out, Betskoff fails to allege that "Cosby unlawfully sought to attach or collect his veteran's benefits." ECF No. 9 at 5n1.

Section 1692f(6)(C) prohibits "[t]aking or threatening to take any nonjudicial action to effect dispossession or disablement of property if . . . the property is exempt by law from such dispossession or disablement." Veteran's Benefits are generally exempt from creditor claims. *See* 38 U.S.C. § 5301(a)(1); ECF No. 8 at 13. However, Betskoff has not alleged

10

that Cosby has attempted or threatened to garnish his Veteran's Benefits. He has merely asserted that Cosby sought "information" about his Veteran's Benefits. ECF No. 1 at 6. This allegation does not state a plausible § 1692f violation.[6] *See Twombly*, 550 U.S. at 570.

Finally, Betskoff appears to assert that the court orders for compliance with discovery requests are an unfair or unconscionable practice, because he had previously answered Cosby's interrogatories and deposition questions and produced documents. ECF No. 1 at 3-4. Cosby asserts that his use of discovery requests and orders authorized by Maryland law did not violate the FDCPA. ECF No. 5-1 at 9-10. Although the unfair use of judicial process is not a per se § 1692f violation, the statements of attorneys during judicial proceedings are not automatically exempt from the FDCPA. *See Sayyed v. Wolpoff &*

---

[6] One other court has held that attempting to validate claims that certain funds are exempt from garnishment is not an unfair or unconscionable debt collection practice. *See Wetherelt v. Larsen Law Firm, PLLC*, 577 F. Supp. 2d 1128, 1133 (D. Mont. 2008) ("A debt collector who, faced with unsubstantiated claims regarding exempt funds, avails itself of lawful procedures to verify the status of those funds does not act unfairly or unconscionably."). Another court failed to find a violation of the FDCPA when a debt collector froze a bank account containing exempt funds, because the debt collector did not know which funds in the account were exempt and did not obtain any exempt property. *See Beler v. Blatt, Hasenmiller, Leibsker & Moore, LLC*, 480 F.3d 470, 473-74 (7th Cir. 2007).

*Abramson*, 485 F.3d 226, 229-30 (4th Cir. 2007) (alleging, *inter alia*, debt collector's summary judgment motion falsely stated the debt amount in violation of § 1692e).[7]

However, Betskoff has failed to state a claim that Cosby's activities violated § 1692f. Maryland Rule 2-633 authorizes a "judgment creditor [to] obtain discovery to aid enforcement of a money judgment (1) by use of depositions, interrogatories, and requests for documents, and (2) by examination before a judge or an examiner . . . ." Maryland Rule 2-633. The Rule protects debtors from harassment by authorizing a judgment creditor to obtain more than one deposition from a debtor only with court permission. *See Melnick v. New Plan Realty Trust*, 89 Md. App. 435, 437-38, 598 A.2d 787, 788-89 (1991).

Betskoff has not alleged that the court orders obtained by Cosby were illegal, improper, or brought for any purpose other than to collect the judgment against Betskoff. ECF No. 1 at 3. Betskoff asserts that he was forced "to answer the same

---

[7] *But see Beler*, 480 F.3d at 474 ("Subsection (6) . . . says that creditors may not take 'nonjudicial' actions that seize property exempt by law. The implication is that state judicial proceedings are outside the scope of § 1692f. State judges may decide how their judgments are to be collected. This . . . implies that federal judges ought not use this ambulatory language [such as "unfair or unconscionable"] to displace decisions consciously made by state legislatures and courts about how judgment creditors collect judgments entered under state law.").

questions and produce the same documents that he had previously
done." ECF No. 1 at 4. Betskoff does not allege whether his
previously provided responses and documents complied with the
court orders. As the Maryland Rules are designed to prevent
debtor harassment, *Melnick*, 89 Md. App. at 437-38, 598 A.2d at
788-89, mere allegations that Cosby secured court orders that
inconvenienced him do not raise a "plausible claim" that
Betskoff was subjected to "unfair or unconscionable" debt
collection practices. Accordingly, Betskoff has failed to state
an FDCPA claim based on the court orders in aid of collection of
the Martin judgment.

> e. Abusive and Harassing.

Betskoff claims that Cosby "used a rude and angry tone"
with him and was "abusive or harassing." ECF No. 1 at 6. Cosby
asserts, *inter alia*, that Betskoff's allegations are merely
"conclusory." ECF No. 5-1 at 10.

Section 1692d prohibits a debt collector from engaging in
"conduct the natural consequence of which is to harass, oppress,
or abuse any person in connection with the collection of a
debt." Betskoff has not identified any of Cosby's words or
conduct that is harassment or abuse. A claim that a debt
collector spoke in a "loud and aggressive tone," without
identification of specific statements that constitute

13

harassment,[8] is insufficient to establish a claim under the FDCPA. *See Quander v. Hillcrest, Davidson, & Associates LLC*, CIV.A. RDB-12-1932, 2012 WL 6727141, at *3 (D. Md. Dec. 27, 2012). Accordingly, Betskoff has not pled a plausible § 1692d claim. *See Twombly*, 550 U.S. at 556-57, 570.

### f.  Notice Requirements

Betskoff alleges that Cosby "failed to comply with the notice requirements" of § 1692g(a) "in his contact with the Plaintiff." ECF No. 1 at 6. Cosby asserts that he was not required to send a written notice of debt collection, because Betskoff objects to Cosby's "post-judgment activities" and not his "initial communications." ECF No. 5-1 at 15-16.

Section 1692g requires that "within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall . . . send the consumer a written notice" containing specified information.[9]

---

[8] Examples of harassing or abusive statements include: "specific profane language or a statement that would demonstrate an intent to annoy." *Quander*, 2012 WL 6727141, at *3.

[9] The notice must contain:

(1) the amount of the debt;
(2) the name of the creditor to whom the debt is owed;
(3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;

§ 1692g(a). The parties do not cite, and the Court has not found, any case exempting post-judgment debt collection activities from the statute.[10] Thus, in alleging that Cosby failed to send a § 1692g compliant notice in his initial post-judgment collection attempt, ECF No. 1 at 6, Betskoff has stated a claim under § 1692g.

---

**(4)** a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and
**(5)** a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

§ 1692g(a).

[10] *Cf. Sayyed*, 485 F.3d at 229-30 (rejecting argument that common law litigation immunities apply in FDCPA cases); *Orr v. Westport Recovery Corp.*, 2:12-CV-187-WCO, 2013 WL 1729578, at *5 (N.D. Ga. Apr. 16, 2013) (initial communications with debtors about judgment debts must meet the notice requirements of § 1692g).

III. Conclusion

For the reasons stated above, Cosby's motion to dismiss will be granted in part and denied in part, and Betskoff's motion for leave to supplement will be denied.

_8/27/13_
Date

William D. Quarles, Jr.
United States District Judge